**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SELVIN FABIAN SALAZAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. CV 25-2271 SVW (PVC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On February 20, 2025, Plaintiff Selvin Fabian Salazar, a California State Prisoner proceeding *pro se*, constructively filed a civil rights complaint against the Los Angeles Sheriff's Department ("LASD"), Deputy Cartin, Deputy Coet, Deputy Sims, Deputy Rivero, "all responding deputies," and "medical personnel." ("Complaint," Dkt. No. 1). Plaintiff alleges violations of his constitutional rights while he was a pretrial detainee at the Men's Central Jail ("the Jail") in Los Angeles, California.

1

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1–2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is dismissed with leave to amend.

## II.

## ALLEGATIONS OF THE COMPLAINT

The following narrative is as alleged in the Complaint.[1]

Plaintiff was a pretrial detainee at the Jail at the time of the following incidents. (Complaint at 2).

On or around March 19, 2022,[2] Deputies Sims, Cartin, Rivero, Coet,[3] and a group of correctional officers Plaintiff describes as "all other responding deputies" used force to remove Plaintiff from his cell. (*Id.* at 7). They did so without apparent reason. (*Id.*). Deputy Cartin fractured Plaintiff's elbow, and Deputies Coet and Sims repeatedly punched Plaintiff in the head while he was on the floor. (*Id.* at 5). Unidentified officers held Plaintiff down. (*Id.*). One of them sat on Plaintiff's back. (*Id.*).

---

[1] For ease of reference, when citing to the Complaint and other filings, the Court relies on the CM/ECF-generated pagination on the Court's docket.

[2] It is unclear if the incident took place in 2022 or 2023 since the Complaint lists both years on different pages. (Dkt. No. 1 at 5, 7).

[3] Plaintiff does not provide first names in his Complaint.

1    Plaintiff was placed in solitary confinement for two weeks after the incident. (*Id.*
2    at 7). Despite having a fractured elbow, he was not provided any medical care. (*Id.* at 5,
3    7). On April 6, 2022, Plaintiff finally underwent emergency surgery for his fractured
4    elbow. (*Id.* at 5). During the surgery, medical staff placed a "metal fixer"[4] in Plaintiff's
5    arm. (*Id.* at 7). The metal fixer was scheduled to be removed within six to eight weeks
6    after the surgery. (*Id.*). However, "Defendants, including medical personnel" repeatedly
7    failed to transport Plaintiff to his scheduled medical appointments. (*Id.*). As a result, the
8    metal fixer was not removed until twelve weeks after Plaintiff's surgery. (*Id.*). Since its
9    removal, Plaintiff has not received any physical therapy and continues to experience
10   impaired mobility and function of his arm. (*Id.*).

12   Plaintiff filed his Complaint on March 14, 2025. (*Id.* at 1). He alleges three
13   constitutional violations: (1) excessive force; (2) denial of medical care; and (3) denial of
14   Due Process rights. (*Id.* at 8). He sues the LASD, Deputy Cartin, Deputy Coet, Deputy
15   Sims, Deputy Rivero, and "all responding deputies and medical personnel" in both their
16   individual and official capacities. (*Id.* at 6). Plaintiff seeks compensatory damages,
17   punitive damages, injunctive relief, and attorney's fees and costs. (*Id.* at 8–9).

### III.
### DISCUSSION

22   Pursuant to 28 U.S.C. § 1915(a), the Court must dismiss Plaintiff's Amended
23   Complaint due to defects in pleading. *Pro se* litigants in civil rights cases, however, must
24   be given leave to amend their complaints unless it is absolutely clear that the deficiencies

---

[4] Plaintiff uses the term "metal fixer" but does not explain what that means. The Court has tried to research the term. Still, it does not know what a "metal fixer" is. In any amended pleadings, Plaintiff should do his best to describe what the device is and why medical staff placed one in his arm.

cannot be cured by amendment. *See Lopez*, 203 F.3d at 1128–29. Accordingly, the Court grants leave to amend.

### A.  The Complaint Fails to State an Eighth Amendment Claim for Excessive Force.

Plaintiff pursues an Eighth Amendment claim for excessive force amounting to cruel and unusual punishment. (Complaint at 8). The Eighth Amendment prohibits the imposition of cruel and unusual punishments. However, "Eighth amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016).

Plaintiff was a "predetainee at the time of the incident." (Complaint at 5). Because Plaintiff was not in custody pursuant to a criminal conviction at the time of the events at issue in this action, he enjoyed no Eighth Amendment protections and has, accordingly, failed to state a claim for relief under the Eighth Amendment. Accordingly, Plaintiff's Eight Amendment claim of excessive force is dismissed with leave to amend.

### B.  The Complaint Fails to State an Eighth Amendment Claim for Deliberate Indifference to Medical Needs.

Plaintiff also pursues an Eighth Amendment claim for deliberate indifference to medical needs. (Complaint at 8). The Eighth Amendment protects an incarcerated person's right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, as explained above, the Eighth Amendment protects those in custody pursuant to a criminal conviction. *Mendiola-Martinez,* 836 F.3d at 1246 n.5. "Because pretrial detainees are not

convicted prisoners, the rights of those in police custody to receive medical treatment arise under the Due Process Clause of the Fourteenth Amendment." *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

As noted above, Plaintiff was a pretrial detainee at the time of the alleged incident. Accordingly, Plaintiff was not entitled to Eighth Amendment protection, and his claim for deliberate indifference to medical needs under that amendment is dismissed with leave to amend.

### C. The Complaint Plausibly Alleges a Fourteenth Amendment Claim for Excessive Force Against Deputies Cartin, Coet, and Sims.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from excessive force that amounts to punishment. *Kingsley v. Henrickson*, 576 U.S. 389, 397 (2015). Use of force amounts to punishment when it is not rationally related to a governmental purpose or appears excessive in relation to its purpose. *Bell v. Wolfish*, 441 U.S. 520, 538. The appropriate standard for a pretrial detainee's excessive force claim is objective reasonableness. *Kingsley*, 576 U.S. at 397. Courts assess objective reasonableness from the perspective of a reasonable officer on the scene and the circumstances of each case. *Bell v. Williams*, 108 F.4th 809, 819 (9th Cir. 2024). Additionally, courts account for the legitimate interests that corrections facilities have "to preserve internal order and discipline and to maintain institutional security." *Wolfish*, 441 U.S. at 547.

Here, for the purpose of screening the Complaint, Plaintiff has plausibly alleged excessive force claims against Deputies Cartin, Coet, and Sims. Plaintiff alleges that Deputy Cartin fractured his elbow while restraining him. (Complaint at 5). The Complaint indicates there was no specific reason or legitimate jail security concern that

justified the degree of force used by Deputy Cartin that resulted in Plaintiff's fractured elbow. Accordingly, Deputy Cartin's use of force constituted excessive force that amounted to punishment. Plaintiff further alleges that Deputies Coet and Sims repeatedly punched him in the head when he was removed from his holding cell and was "already on the floor." (*Id*.). Repeatedly punching Plaintiff in the head while he was already restrained constitutes excessive force amounting to punishment, particularly where the Complaint alleges Plaintiff was "no longer a threat to any of [the deputies]." (*Id*.) The Complaint alleges facts indicating that the force applied was excessive and not objectively reasonable.

### D. The Complaint Violates Federal Rule of Civil Procedure 8 for the Fourteenth Amendment Excessive Force Claim Against Deputy Rivero and Unnamed Deputies.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8 does not require "detailed factual allegations," but it does require more than unsupported conclusory statements. *Id*. at 548, 555. A complaint must provide factual allegations that demonstrate the grounds to relief beyond labels and conclusions that merely are formulaic recitations of the elements of a cause of action. *Id.* at 555. To comply with Rule 8, Plaintiff must distinguish between individual Defendants and explain what each Defendant did to violate federal law. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

Plaintiff's Complaint violates Rule 8 because Plaintiff does not clearly allege the specific acts Deputy Rivero took that give rise to an excessive force claim under the Fourteenth Amendment. To "forcibly remove Plaintiff from his cell without justification" is a conclusory statement because it does not provide sufficient information to form a basis for an excessive force claim under the Fourteenth Amendment. (Complaint at 7). Similarly, when referencing the unnamed deputies, Plaintiff fails to specify what acts each unnamed deputy took that give rise to a claim of excessive force under the Fourteenth amendment. (Complaint at 5). Accordingly, the excessive force claims against Deputy Rivero and unnamed deputies are dismissed with leave to amend.

### E. The Complaint Fails to State a Fourteenth Amendment Claim for Denial of Medical Care.

The Complaint alleges a Fourteenth Amendment violation for denial of medical care. (Complaint at 8). The standard for inadequate medical care claims brought by pretrial detainees against individual defendants is objective deliberate indifference. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). To adequately plead a pretrial detainee medical care claim under the Fourteenth Amendment a Plaintiff must allege:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

1  *Id.* at 1125.

2

3      As explained above, to comply with Rule 8, Plaintiff must specify what each
4  Defendant did to violate federal law.  Here, the claim fails because it does not provide
5  each Defendant with sufficient information to understand the basis of the allegations
6  against them.  Each Defendant must be given fair notice of the specific acts they are
7  alleged to have taken that violated Plaintiff's rights.  Additionally, the elements above
8  must be met to plead a successful denial of medical care claim under the Fourteenth
9  Amendment.

10

11      For example, under element (i), Plaintiff must specify which Defendant(s) made
12  the intentional decision to place Plaintiff in solitary confinement for two weeks without
13  providing medical care for a broken elbow; (ii) how those conditions put the Plaintiff at
14  substantial risk of suffering serious harm; (iii) which Defendant(s) failed to take
15  reasonable measures to abate that substantial risk; (iv) identify which Defendant(s) failed
16  to take such measures and how that failure caused the Plaintiff's injuries.

17

18      Plaintiff's allegations must meet the four elements mentioned above for each of the
19  acts he alleges constituted denial of medical care (i.e. delay in the removal of the metal
20  fixer due to Defendants failure to transport him to scheduled medical appointments;
21  failure to provide physical therapy).  Accordingly, the denial of medical care claim is
22  dismissed with leave to amend.

23

24      **F.**    **The Complaint Incorrectly Identifies Unnamed Defendants.**

25

26      Generally, courts do not favor actions against "unknown" defendants.  *Wakefield v.*
27  *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  However, a plaintiff may sue unnamed
28  defendants when the identity of the alleged defendants is not known before filing the

complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In such cases, a court gives a plaintiff "the opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities." *Id.* A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants. When suing more than one unnamed defendant, Plaintiff must identify each defendant individually as "Doe No. 1, Doe No. 2," etc., in the body of the Complaint. The allegations must show what each Doe Defendant separately did to violate Plaintiff's constitutional rights.

Here, Plaintiff groups together unidentifiable types of defendants like "all responding deputies" and "medical personnel." (Complaint at 6). Such terms fail to put Defendants on notice of who they are or what they as individuals are accused of specifically doing. Accordingly, the claims against the unnamed defendants are dismissed with leave to amend.

If Plaintiff wishes to amend his Complaint, he should identify the unnamed defendants as "Doe No. 1, Doe No. 2," etc. Next, Plaintiff should differentiate between the unnamed deputies and medical personnel by assigning "Doe" naming conventions to each  He must also clearly state:

(1) What each Defendant—including, separately, each Doe Defendant—did to cause Plaintiff harm;
(2) When and where each Defendant committed the alleged acts;
(3) What harm resulted from each Defendant's alleged acts; and,
(4) What federal statute or constitutional right each Defendant violated.

G. **The Complaint Fails to State a *Monell* Claim Against LASD.**

Under § 1983, local governments and their agencies are responsible only "for their *own* illegal acts" and are not vicariously liable for their employees' conduct. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). While a local government entity such as a county may be a proper defendant in a § 1983 action, liability attaches against the entity only for constitutional violations occurring as the result of an official government policy, custom, or practice. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121 (1992); *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To assert a valid § 1983 claim against the LASD, Plaintiff must show both a deprivation of a constitutional right and a departmental policy, custom, or practice that was the "moving force" behind the constitutional violation. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* (citation omitted). Proof of a single incident of unconstitutional activity, or even a series of "isolated and sporadic incidents," will not impose liability under § 1983. *Gant v. Cnty. of L.A.*, 772 F.3d 608, 618 (9th Cir. 2014). Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also Connick*, 563 U.S. at 61 ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."); *Jett v. Dallas School Dist.*, 491 U.S. 701, 738 (1989) (municipality may be liable based on its "acquiescence in a longstanding practice or custom" that constitutes its "standard operating procedure").

Here, Plaintiff's claim against the LASD fails because the Complaint contains no plausible factual allegations demonstrating that the LASD has policies, customs, or practices of using excessive force or denying medical care. "Since *Iqbal*, courts have

10

repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability." *Wilson ex rel. Bevard v. City of W. Sacramento*, No. CIV. 13-2550, 2014 WL 1616450, at *2 (E.D. Cal. Apr. 22, 2014); *see, e.g., Rodriguez v. City of Modesto*, 535 F. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support).

A suit against a defendant in his individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted); *see also Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 966–67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity). Therefore, an official capacity suit against an LASD officer is functionally a claim against the LASD. As discussed above, the Complaint includes no plausible factual allegations demonstrating that the LASD has a policy, custom, or practice to use excessive and unreasonable force against citizens while detaining or arresting them. Therefore, the Complaint's allegations are insufficient to establish municipal liability against the LASD.

## IV.
## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he must file a First Amended Complaint within **thirty days from the date of this Order**. In any amended complaint, Plaintiffs shall cure the defects described above. If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint." The First Amended Complaint must bear the docket number assigned to this

11

case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denial of leave to amend not abuse of discretion where proposed new claims would have "greatly altered the nature of the litigation" and required defendants to undertake "an entirely new course of defense"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of leave to amend where additional claims "advance different legal theories and require proof of different facts"). In addition, the First Amended Complaint must be complete in and of itself, without reference to the original Complaint, or any other pleading, attachment, or document.

An amended complaint entirely takes the place of the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat any preceding complaint, including any exhibits attached to the preceding complaint, as nonexistent. *Id.* If Plaintiff wishes the Court to consider any exhibits from the original Complaint, he must re-attach them to the First Amended Complaint. Because the Court grants Plaintiff leave to amend all the claims raised here, any claim raised in the original Complaint is waived if it is not raised again in the First Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

In any amended complaint, Plaintiff should confine his allegations to the essential facts supporting each of his claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to use the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff must describe, to the extent possible, what each separate Defendant, including each separate Doe Defendant, if any,

did to violate his rights; where and when the wrongful conduct occurred; the harm that Plaintiff suffered from the Defendant's acts and omissions; and the constitutional right or statute that each Defendant violated. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which he lacks a sufficient legal or factual basis.

The Court cautions Plaintiff that it generally will not be inclined to grant further opportunities to amend if the First Amended Complaint continues to assert claims for which relief cannot be granted for the reasons explained in this Order. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); *see also Cafasso*, 637 F.3d at 1058 ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotation marks omitted). Thus, if Plaintiff files a First Amended Complaint with claims that repeat the same pleading defects addressed in this Order, the Court may recommend that the First Amended Complaint be dismissed with prejudice for failure to state a claim.

Instead of filing a First Amended Complaint, Plaintiff may choose to stand on the defective claims in the original Complaint, but must expressly notify the Court in writing of his intention to do so by the same deadline for filing an amended complaint, *i.e.*, thirty days from the date of this Order. Plaintiff is cautioned, however, that when a plaintiff chooses to stand on a defective complaint despite having been afforded the opportunity to amend, the district court may dismiss any defective claims under Federal Rule of Civil Procedure 12(b)(6) and allow the action to proceed only on the surviving claims, if any, that sufficiently state a claim. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Plaintiff is advised that if he elects to stand on the defective claims in his

original Complaint, the Magistrate Judge will recommend that the Court dismiss some or all of his claims for the reasons stated in this Order. *See McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1992) (a plaintiff granted leave to amend a pleading "may elect to stand on her pleading and appeal"); *Edwards*, 356 F.3d at 1065 ("When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment.").

Accordingly, Plaintiff is ORDERED to file either a First Amended Complaint or a Notice of Intention to Stand on Defective Complaint within thirty days of the date of this Order. **Plaintiff is explicitly cautioned that the failure to file either a First Amended Complaint or a Notice of Intention to Stand on Defective Complaint by the Court's deadline *will* result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).** *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) ("'The failure of the plaintiff eventually to respond to the court's *ultimatum* -- either by amending the complaint or by indicating to the court that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal.'") (quoting *Edwards*, 356 F.3d at 1065) (emphasis in original). Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: August 18, 2025

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

14